Hervey, J., delivered the opinion of the Court in which Keller, P.J., Keasler, Alcala, Richardson, Keel, and Walker, JJ., joined.
*127 Jeromy John Leax, Appellant, was charged with two counts of online solicitation of a minor under the pre-2015 version of the statute.[1] TEX. PENAL CODE § 33.021(c) (2014). He filed a motion to quash the indictment (which he later amended), arguing that the statute under which he was convicted was facially unconstitutional when read together with other portions of the statute. See id. §§ 33.021(a)(1)(A), (c), (d)(2) & (d)(3).[2] The trial court denied the motion, and Leax entered guilty pleas as to both counts. He was sentenced to 13 years' confinement on each count to be served concurrently. The court of appeals affirmed Leax's convictions. Leax v. State , Nos. 09-14-00452-CR & -00453-CR, 2016 WL 1468042 (Tex. App.-Beaumont Apr. 13, 2016) (mem. op., not designated for publication). We granted review to determine whether the statute under which Leax was convicted (and its corresponding provisions) restricted speech on the basis of its content. We need not decide that issue, however, in light of our recent decision in Ex parte Ingram , 533 S.W.3d 887, 2017 WL 2799980 (Tex. Crim. App. June 28, 2017).
PRE-2015 ONLINE SOLICITATION OF A MINOR
The statutory provision germane to this claim stated that,
(a) In this section:
(1) "Minor" means:
(A) an individual who represents himself or herself to be younger than 17 years of age; or
(B) an individual whom the actor believes to be younger than 17 years of age.
(c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.
(d) It is not a defense to prosecution under Subsection (c) that:
(1) the meeting did not occur;
(2) the actor did not intend for the meeting to occur; or
(3) the actor was engaged in a fantasy at the time of the commission of the offense.
*128 TEX. PENAL CODE § 33.021(a), (c) & (d) (2014).
DISCUSSION
Ingram was charged with the same offense as Leax and made the same facial challenges to the statute via an application for a pretrial writ of habeas corpus. Ingram , 533 S.W. at 890-91, 2017 WL 2799980, at *1. We resolved Ingram's arguments against him, holding that the "represents" definition of "minor" is constitutional once a narrowing construction is applied and that facial challenges to the anti-defensive provisions in Section 33.021(d) are not cognizable on pretrial habeas. Id.
Like Ingram, Leax cannot prevail on either of his claims. First, we have already addressed and rejected an argument identical to Leax's regarding the "represents" definition of "minor," and he presents no different arguments as to why we should revisit the issue. Second, although Leax's challenge to the anti-defensive provisions are cognizable (unlike in Ingram ), the claim nonetheless must fail because the record is insufficiently developed on appeal for Leax to show that any of the anti-defensive provisions in Section 33.021(d) would have been invoked against him.
CONCLUSION
Because the "represents" definition of "minor" is constitutional as we construed it in Ingram , and the record is insufficiently developed to determine on appeal whether any of the anti-defensive provisions would have been invoked against Leax, we affirm the judgment of the court of appeals.
Yeary and Newell, JJ., concurred.

Count I of the amended indictment alleged that, on or about October 31, 2013, Leax "knowingly solicit[ed] over the [I]nternet or by electronic mail or by commercial online service or by other electronic message service or system, [the victim], a minor, to meet [Leax], with intent that [the victim], to wit: an individual who represents himself to be 13 yrs (sic) of age, would engage in sexual contact or sexual intercourse or deviate sexual intercourse with the [Leax]...." Count II tracked Count I, except that it alleged that the victim represented himself to be 11-years old.

All references to Section 33.021 refer to the pre-2015 solicitation statute.