

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00158-CR

EX PARTE CHRISTOPHER CORNWALL, APPELLANT

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-406,640, Honorable William R. Eichman II, Presiding

October 19, 2017

## OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Christopher Cornwall, appeals from an order denying his pretrial application for writ of habeas corpus. By his application, appellant raised various facial challenges to the constitutionality of the pre-2015 version of subsection (c) of the "Online Solicitation of a Minor" statute. We will affirm the trial court's order.

Background

Because this is an interlocutory appeal of the denial of a pretrial writ of habeas corpus, none of the facts have yet been determined by a trier of fact. However, the facts of the case are immaterial to the constitutional issues being raised by appellant.

Procedurally, appellant was indicted on July 21, 2015, for the offense of online solicitation of a minor that was alleged to have occurred on May 14, 2015. In April of 2017, appellant filed a pretrial writ of habeas corpus challenging the facial constitutionality of the pre-2015 version of section 33.021(c) of the Texas Penal Code. Appellant's application contended that the statute is unconstitutional because: (1) it is an overbroad, content-based regulation on expression that impermissibly criminalizes constitutionally protected speech; (2) it is a content-based regulation of speech that impermissibly prohibits protected as well as unprotected speech; and (3) it violates his due process and Sixth Amendment rights because it is too vague to give due notice of what is prohibited and prohibits him from presenting a defense negating his culpable mental state. After a brief hearing, the trial court denied appellant's application. Appellant timely filed notice of appeal of the denial.

On appeal, appellant contends that section 33.021(c) is facially unconstitutional. In his brief, he contends that the statute is overbroad, constitutes a content-based regulation of speech, and violates his due process and Sixth Amendment rights.

Analysis

The Statute

Before September 1, 2015, section 33.021 provided, as relevant in this case:

(a) In this section:

(1)    "Minor" means:

(A) an individual who represents himself or herself to be younger than 17 years of age; or

2

(B) an individual whom the actor believes to be younger than 17 years of age.

\* \* \*

(c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

(d) It is not a defense to prosecution under Subsection (c) that:

(1) the meeting did not occur;

(2) the actor did not intend for the meeting to occur; or

(3) the actor was engaged in a fantasy at the time of commission of the offense.

*See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050 (amended 2007, 2015) (current version at TEX. PENAL CODE ANN. § 33.021 (West 2016)).[1]

Standard of Review

Whether a statute is facially unconstitutional is a question of law that we review *de novo. Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). A facial challenge to a statute's constitutionality must be based on a claim that the statute always operates unconstitutionally. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). As such, as the reviewing court, we are tasked with considering the "statute only

---

[1] In March of 2015, the Legislature revised the statute by, *inter alia,* eliminating subsections (d)(2) and (d)(3), as well as removing the "represents" language from the definition of "minor" found in subsection (a). Acts of May 22, 2015, 84th Leg., R.S., ch. 61, 2015 Tex. Gen. Laws 1036.

References to "section 33.021" in this opinion will be to the version of this provision that was in effect prior to the 2015 amendment.

3

as it is written, rather than how it operates in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011).

We presume that the challenged statute is valid and that the Legislature has not acted arbitrarily or unreasonably. *Ex parte Lo*, 424 S.W.3d at 15 (citing *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)). Generally, the burden to establish the statute's unconstitutionality is on the party challenging the statute. *Id.* When the statute does not depend upon the content of speech or is conduct-based, we construe the statute's plain language, unless the language is ambiguous or would lead to absurd results the Legislature could not have intended. *Delacruz v. State*, No. 07-15-00230-CR, 2017 Tex. App. LEXIS 6018, at *7 (Tex. App.—Amarillo June 29, 2017, no pet.) (mem. op., not designated for publication). Under this review, we must uphold the statute if we can determine a reasonable construction that will render it constitutional. *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

However, when a statute seeks to restrict and punish speech based on its content, it is the government that bears the burden to prove that the statute is constitutional. *Id.* Stated another way, content-based regulations (laws that distinguish favored from disfavored speech based on the ideas expressed) are presumptively invalid and the burden is on the government to rebut that presumption. *Ashcroft v. ACLU*, 542 U.S. 656, 660, 124 S.Ct. 2783, 159 L.Ed.2d 690 (2004); *Ex parte Lo*, 424 S.W.3d at 15. We are required to apply the "most exacting scrutiny to regulations that suppress, disadvantage, or impose differential burdens upon speech because of its

content."  *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 642, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994).

Overbreadth

Appellant contends that section 33.021(c) is unconstitutionally overbroad because it criminalizes speech between an adult and a "minor" without requiring the adult to intend to meet the "minor" and without requiring the "minor" to be legally underage.  This contention has recently been expressly addressed by the Texas Court of Criminal Appeals in *Ex parte Ingram*, No. PD-0578-16, 2017 Tex. Crim. App. LEXIS 588, at *9-23 (Tex. Crim. App. June 28, 2017).

The Court determined that whether an adult may be prosecuted for speech without a concurrent intent to meet the minor is not a cognizable issue in a pretrial application for writ of habeas corpus.  This is so because, in the context of a pretrial habeas proceeding, "constitutional attacks on free-standing anti-defensive issues are not cognizable on appeal."  *Id*. at *2.  Appellant's contention that section 33.021(c) criminalizes speech when the speaker has no intention to meet the minor is based on the freestanding anti-defensive issues contained in subsections (d)(2) and (d)(3). These anti-defensive issues are not cognizable because they cannot be "law applicable to the case" unless and until some evidence at trial raises the anti-defensive issue and, in a pretrial habeas proceeding challenging the facial constitutionality of a statute, no evidence has been presented.  *Id*. at *7-8.

Appellant also contends that the pre-2015 definition of "minor" is substantially overbroad because it prohibits "age-play" between two consenting adults.  The definition

5

of "minor" is "an individual who represents himself or herself to be younger than 17 years of age." § 33.021(a)(1)(A). The Texas Court of Criminal Appeals has construed the word "represents" to mean that the individual "states his age as a fact, to be accepted as true." *Ex parte Ingram*, 2017 Tex. Crim. App. LEXIS 588, at *13. Then, in specifically addressing appellant's "age-play" contention, the Court stated,

> When a statute that is designed to protect children against predatory practices proscribes mostly speech that is not protected by the First Amendment but incidentally encompasses unusual situations that are protected by the First Amendment,[2] the correct approach is to uphold the statute against an overbreadth challenge and deal with the unusual situations on an "as applied" basis when they arise. We reject appellant's contention that the definition of "minor" renders the online solicitation statute unconstitutionally overbroad.

*Id.* at *23.

The Texas Court of Criminal Appeals held that the pre-2015 version of section 33.021(c) is not unconstitutionally overbroad. *Id.* As an intermediate appellate court, we are bound to follow the precedent of the Texas Court of Criminal Appeals. *Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see* TEX. CONST. art. V, § 5(a) (Court of Criminal Appeals is final authority for criminal law in Texas).

Restriction on Speech or Conduct

Appellant also contends that section 33.021(c) is a content-based restriction on speech and that, as such, it fails strict scrutiny because it criminalizes protected as well

---

[2] The specific "unusual situation" addressed by the Court was when an undercover police officer who was over the age of 17 represents herself to be 16 but, unbeknownst to her, the defendant knows that the officer is over 17 and also knows that she is unaware of his knowledge of her age. *Id.* at *22-23.

as unprotected speech. However, the Texas Court of Criminal Appeals has concluded that section 33.021(c) imposes a restriction on the conduct of inducing a child to engage in illegal sexual acts. *See Ex parte Ingram*, 2017 Tex. App. LEXIS 588, at *16-19; *Ex parte Lo*, 424 S.W.3d at 16-17.[3] The First Amendment does not apply to speech that attempts to induce a child to engage in illegal sexual activity. *Ex parte Ingram*, 2017 Tex. Crim. App. LEXIS 588, at *17-18. Freedom of speech does not extend to speech used as an integral part of conduct that violates a valid criminal statute, such as the online solicitation of a minor statute involved in this case. *Id*. at *18.

Due Process and Sixth Amendment

Appellant also contends that section 33.021(c) violates due process because it is too vague to provide adequate notice of what speech or expressive conduct violates the statute. Appellant's contention is premised on the interplay between subsection (c) and the anti-defensive issues found in subsections (d)(2) and (d)(3). Additionally, appellant contends that subsections (d)(2) and (d)(3) violate the Sixth Amendment by preventing a defendant from presenting a defense as to his culpable mental state. As to both of these contentions and as we have previously discussed, challenges to the facial constitutionality of a statute that rely on anti-defensive issues are not cognizable in a pretrial habeas corpus proceeding. *Id*. at *2. These freestanding anti-defensive issues are not "law applicable to the case" until trial evidence raises them and, as such, a constitutional challenge involving them cannot be presented before trial. *Id*. at *7.

---

[3] This Court has, likewise, concluded that section 33.021(c) is aimed at conduct rather than the content of speech. *Delacruz*, 2017 Tex. App. LEXIS 6018, at *6-7; *Ex parte Fisher*, 481 S.W.3d 414, 419 (Tex. App.—Amarillo 2015, pet. ref'd).

Conclusion

As the Texas Court of Criminal Appeals has addressed and rejected the constitutional challenges raised by appellant's habeas corpus proceeding, we affirm the trial court's denial of appellant's application for writ of habeas corpus.

Judy C. Parker
Justice

Publish.