

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,943-01

### EX PARTE KENNETH JAYE MCCLELLAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. C-371-010555-1060758-A IN THE 371ST
### DISTRICT COURT FROM TARRANT COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., KEASLER, ALCALA, RICHARDSON, KEEL, and WALKER, JJ., joined. YEARY and NEWELL, JJ., concurred.

### O P I N I O N

Kenneth Jaye McClellan pled guilty to online solicitation of a minor under fourteen years of age pursuant to the pre-2015 version of the statute. He was sentenced to three years' confinement and was required to register as a sex offender for 10 years. He did not appeal his conviction. He later filed a post-conviction application for a writ of habeas corpus arguing that the statute under which he was convicted was facially unconstitutional. We filed and set the cause for submission to review two issues:

(1)    Can a defendant facially challenge the constitutionality of a statute for

the first time in a post-conviction application even though the statute has not been previously held unconstitutional?

(2)     Assuming that an applicant may do so, is the solicitation-of-a-minor statute under which he was convicted, as it existed when McClellan committed the offenses, unconstitutionally vague and overbroad?

Since we filed and set this case for review, however, we decided *Ex parte Ingram v. State*, PD-0578-16, 2017 WL 2799980 (Tex. Crim. App. June 28, 2017), in which we held that the pre-2015 version of the online-solicitation-of-a-minor statute is facially constitutional. In light of that holding, we need not decide the first issue asking whether McClellan can raise a facial challenge to the online-solicitation-of-a-minor statute under which he was convicted for the first time post-conviction.

## THE PRE-2015 STATUTE[1]

The statutory provisions at issue state that,

(a) In this section:

    (1) "Minor" means:

        (A) an individual who represents himself or herself to be younger than 17 years of age; or

        (B) an individual whom the actor believes to be younger than 17 years of age.

(c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor

---

[1] All references to Section 33.021(a)(1)(A) and 33.021(d)(2) & (d)(3) refer to the pre-2015 version of the online-solicitation statute.

will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person

(d) It is not a defense to prosecution under Subsection (c) that:

    (1)    the meeting did not occur;

    (2)    the actor did not intend for the meeting to occur; or

    (3)    the actor was engaged in a fantasy at the time of the commission of the offense.

TEX. PENAL CODE § 33.021(a), (c) & (d) (2014).

## ANALYSIS

Ingram, like McClellan now, argued that the "represents" definition of "minor" in the pre-2015 version of the statute is facially unconstitutional because it infringes on a substantial amount of free speech, such as "age play." *Ingram*, 2017 WL 2799980, at *1. He also argued that the anti-defensive provisions in subpart (d)(2) & (d)(3) of the statute are facially unconstitutional. *Id.* We rejected Ingram's arguments, instead holding that the "represents" definition of "minor" is facially constitutional once a narrowing construction is applied and that facial challenges against the anti-defensive issues are not cognizable in a pretrial writ application because an applicant lacks standing to bring them. *Id.* at *3. An applicant lacks standing on pretrial habeas because he cannot show that any of the anti-defensive provisions were invoked against him.

Here, even if McClellan could challenge the "represents" definition of "minor" for the first time in post-conviction proceedings (an issue we do not decide here), he could

not prevail because we have already resolved this issue in favor of the State in *Ingram*. As for his other claims—that the anti-defensive provisions of the statute are facially invalid—they suffer from the same defect as Ingram's: McClellan cannot currently show that he has standing because the record does not establish that the anti-defensive provisions were invoked against him. We could remand this cause to allow McClellan to supplement the record,[2] but we will not do so because the standing issue could have been litigated at trial.

Ordinarily, an issue that could have been raised at trial or on appeal cannot be raised on post-conviction habeas.[3] *Ex parte Richardson*, 201 S.W.3d 712, 713–14 (Tex. Crim. App. 2006). That principle applies, not only to whether a particular claim for relief can be raised, but also to whether a particular precondition for even raising a claim for relief has been satisfied, if that precondition is something that could have been litigated at trial (e.g., whether a claimant has standing to bring a First Amendment facial challenge).

---

[2]It might be sufficient to show, for example, that the anti-defensive provisions were in the jury instructions, that the judge in a bench trial considered the anti-defensive provisions in finding him guilty, or that the anti-defensive provisions had an effect on his plea or the outcome of the case in some other way. However, McClellan cannot show those things because he pled guilty and was sentenced to three years' imprisonment pursuant to a plea agreement. There was no jury charge, there is no indication that the trial judge considered the anti-defensive provisions in finding him guilty, and nothing else in the record suggests that the anti-defensive provisions had any effect on his plea or the outcome of the case.

[3]Richardson argued that the trial judge who presided over his plea was subject to disqualification, but the record established that, even though Richardson knew that at the time, he told his attorney to proceed with the plea anyway. *Richardson*, 201 S.W.3d at 714. We held that Richardson's claim was not cognizable on post-conviction habeas because he could have raised that claim at trial or on direct appeal. *Id.*

The United States Supreme Court has reached a similar conclusion in the double-jeopardy context. *United States v. Broce*, 488 U.S. 563, 571 (1989). It held that a defendant who pleads guilty to two offenses pursuant to a plea agreement cannot later introduce new evidence on post-conviction habeas to show that the two offenses are actually the same for double-jeopardy purposes,

> Respondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictments and to attempt to show the existence of only one conspiracy in a trial-type proceeding. They chose not to, and hence relinquished that entitlement. . . . [R]espondents may believe that they made a strategic miscalculation. Our precedents demonstrate, however, that such grounds do not justify setting aside an otherwise valid guilty plea.

*Id.*

We also note that supplementing the record under these circumstances would amount to a futile exercise in speculation because there is no way to know how a trial-type proceeding would have unfolded. It is possible, for example, that no anti-defensive issue would have been implicated at trial, or, even if one was, that the State would not have invoked it against the defendant. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 42 (1984) ("When the defendant does not testify, the reviewing court . . . has no way of knowing whether the Government would have sought to impeach [the defendant] with the prior conviction. If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor might elect not to use an arguably inadmissible prior conviction.").

## CONCLUSION

Even if McClellan were permitted to challenge the facial validity of the definition of "minor" and the anti-defensive provisions in the online-solicitation-of-a-minor statute for the first time on post-conviction habeas, his claims would fail. Therefore, we deny relief.

Delivered: November 15, 2017

Publish