**Opinion filed June 21, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00172-CR

_____

## JIMMIE LEON STURDIVANT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 11523-D**

### M E M O R A N D U M   O P I N I O N

Jimmie Leon Sturdivant pleaded guilty to the charge of online solicitation of a minor under the pre-2015 version of the statute.[1]  *See* TEX. PENAL CODE ANN. § 33.021(c) (West Supp. 2015).[2]  Pursuant to a plea bargain agreement, the trial court

---

[1]Appellant was charged with knowingly soliciting, over the internet, to meet with a person whom he believed to be younger than fourteen years of age to engage in sexual intercourse.

[2]We note that part of Section 33.021 was amended as of September 1, 2015, but that the former version of that section remains in effect and applies in this case because the alleged offense was committed prior to the amendment's effective date.  *See* Act of May 5, 2015, 84th Leg., R.S., ch. 61, 2015 Tex. Gen. Laws 1036 (codified as an amendment to TEX. PENAL CODE ANN. § 33.021(a)(1), (b), (d), (e)).  We note also that Section 33.021(c), which sets out the offense with which Appellant was charged, was not amended in 2015.  All references in this opinion to Section 33.021 are to the pre-2015 solicitation statute.

deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for a term of seven years, and imposed a $750 fine.

Prior to entering his guilty plea, Appellant sought to dismiss the indictment by filing a pretrial motion to declare Section 33.021(c) unconstitutional under both the United States and Texas Constitutions. In three issues on appeal, Appellant asserts that the trial court erred in denying his pretrial motion. Specifically, Appellant asserts that subsections (c) and (d)[3] of Section 33.021 are (1) overbroad in violation of the First Amendment, (2) unconstitutionally vague under the Fourteenth Amendment, and (3) a violation of the "dormant Commerce Clause." *See* U.S. CONST. amends. I, XIV; *id.* art. I, § 8. We affirm.

We note at the outset that the Texas Court of Criminal Appeals recently addressed the constitutionality of the pre-2015 version of Section 33.021 in three cases decided after the parties filed their briefs. *Ex parte Ingram*, 533 S.W.3d 887, 898 (Tex. Crim. App. 2017) (holding that freedom of speech does not extend to speech proscribed by subsection (c) "because offers to engage in illegal transactions such as sexual assault of a minor are categorically excluded from First Amendment protection"); *see Ex parte McClellan*, 542 S.W.3d 558, 559 (Tex. Crim. App. 2017) (noting that *Ingram* held that the pre-2015 version of Section 33.021 is facially constitutional); *Leax v. State*, 541 S.W.3d 126, 127–28 (Tex. Crim. App. 2017) (following *Ingram* and holding that a constitutional challenge to the "anti-defensive" provisions of subsection (d) must fail if the record is insufficiently developed on appeal to show that the provisions would have been invoked against the defendant).

---

[3]Subsection (d) of Section 33.021 was amended in 2015. The previous version of subsection (d) provided as follows: "(d) It is not a defense to prosecution under Subsection (c) that: (1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050. The practical effect of the 2015 amendment of subsection (d) was the removal of subsections (d)(2) and (d)(3).

2

These cases demonstrate that the trial court did not err in denying Appellant's pretrial motion challenging the constitutionality of Section 33.021.[4]

In his first issue, Appellant asserts that the statute is unconstitutionally overbroad because it is a content-based restriction on speech that "explicitly forbid[s] constitutionally protected fantasy speech with no specific intent to commit an illegal sexual act." The Court of Criminal Appeals rejected a similar argument in *Ingram*. The defendant in *Ingram* argued that the pre-2015 version of the statute infringed upon constitutionally protected "age play." *Ingram*, 533 S.W.3d at 890–91. The court in *Ingram* rejected this overbreadth argument. *Id.* at 900; *see McClellan*, 542 S.W.3d at 559; *see also Ex parte Cornwall*, 533 S.W.3d 910, 915 (Tex. App.—Amarillo 2017, no pet.). Accordingly, we overrule Appellant's first issue.

Appellant asserts in his second issue that the statute is unconstitutionally vague because "[p]eople of common intelligence must necessarily guess at the meaning of Section 33.021." Appellant bases this assertion on the anti-defensive provisions in subsection (d). He asserts that the anti-defensive provisions negate the specific intent element in subsection (c).

In *Leax*, the Court of Criminal Appeals addressed a constitutional challenge to subsection (d) on a direct appeal from a conviction.[5] *Leax*, 541 S.W.3d at 127–28. The defendant in *Leax* presented his constitutional challenge in a motion to

---

[4]Furthermore, this court has previously held that Section 33.021(c) is not unconstitutionally vague, overbroad, or a violation of the "Dormant Commerce Clause." *See Alvarez v. State*, No. 11-15-00201-CR, 2016 WL 859363, at *2–4 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *Chapman v. State*, No. 11-15-00215-CR, 2016 WL 859366, at *3–4 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *Radford v. State*, No. 11-15-00108-CR, 2016 WL 859478, at *3–4 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication).

[5]*Ingram* and *McClellan* involved applications for writs of habeas corpus. *See McClellan*, 542 S.W.3d at 559 (application for a post-conviction writ of habeas corpus); *Ingram*, 533 S.W.3d at 890 (appeal from the denial of a pretrial application for writ of habeas corpus).

quash the indictment. *Id.* at 127. After the trial court denied the motion to quash, the defendant entered pleas of guilty and pursued a direct appeal. *Id.* at 127. Thus, *Leax* is procedurally analogous to this appeal.

The court held in *Leax* that the constitutional challenge to subsection (d) failed "because the record [was] insufficiently developed on appeal for [the appellant] to show that any of the anti-defensive provisions in Section 33.021(d) would have been invoked against him." *Id.* at 128. Thus, the court in *Leax* applied its previous holding in *Ingram* to a guilty plea entered after the trial court denied a motion to quash the indictment. *Id.*; *see Ingram*, 533 S.W.3d at 893 ("[T]he fact that a freestanding anti-defensive issue does not become law applicable to the case until raised by the evidence means that a constitutional challenge involving such an issue is one that requires record development to substantiate.").

Similar to the record in *Leax*, the record in this case is devoid of evidence that the State would have invoked any of the anti-defensive provisions in Section 33.021(d) against Appellant. Without a record showing that any of the anti-defensive provisions in Section 33.021(d) would have been invoked against Appellant, his second issue must fail. *See Leax*, 541 S.W.3d at 128; *see also McClellan*, 542 S.W.3d at 559 n.2 (suggesting ways that the record might reflect the State would have invoked the anti-defensive provisions). We overrule Appellant's second issue.

In his third issue, Appellant asserts that the statute violates the dormant Commerce Clause by imposing an undue burden on interstate commerce. As noted in *Ingram*, "[t]he Commerce Clause grants Congress the power to regulate commerce among the states. The Supreme Court has held that this positive grant of power contains a 'negative command, known as the dormant Commerce Clause,' which prohibits certain state regulation with respect to interstate commerce." *Ingram*, 533 S.W.3d at 901 (footnotes omitted). The Court of Criminal Appeals held

in *Ingram* that Section 33.021 does not violate the dormant Commerce Clause because "any effect the Texas statute ha[d] on legitimate interstate commerce is incidental, at best, and far outweighed by the compelling state interest the statute serves." *Id.* at 904. Accordingly, we overrule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

June 21, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[6]

---

[6]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.