**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00066-CR**

_____

**EX PARTE ADNAN ASGAR SHROFF**

_____

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-04-04199-CR**

_____

## OPINION

In an appeal from the denial of an article 11.072 application seeking a writ of habeas corpus, Adnan Asgar Shroff contends that, because it is unclear if his conviction rested on an overly broad interpretation of the online solicitation statute, the trial court should have awarded him a new trial.[1] Because Shroff pleaded guilty

---

[1] Tex. Code Crim. Proc. Ann. art 11.072 (West 2015) (establishing procedure when the applicant seeks relief from an order or judgment of conviction ordering community supervision); Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § l, 2005 Tex. Gen. Laws 4049, 4050; amended by Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1168 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(c) (West 2016)).

to the offense prohibiting the solicitation of a minor for sexual purposes by using the internet before he was tried, his conviction rests on his judicial confession and not on any evidence that was introduced during a trial. Thus, Shroff cannot establish that his conviction rests on evidence based on conduct falling outside the interpretation of the online solicitation statute adopted by the Court of Criminal Appeals in *Ex parte Ingram*.[2] We overrule the sole issue that Shroff raises in his appeal and affirm the trial court's order denying Shroff's amended application for habeas relief.

## Background

In April 2015, the State charged Shroff with soliciting a minor with the intent to engage in sexual contact by using electronic mail.[3] In part, the indictment against Shroff alleged that

> on or about **April 22, 2015,** and before the presentment of this indictment, in the County and State aforesaid, [Shroff] did then and there, knowingly solicit over the internet or by text message or by

---

[2] *See Ex parte Ingram*, 533 S.W.3d 887, 896-97 (West 2017) (deciding that persons "represent" themselves "to be under the age [of] 17 if, in view of the totality of the speaker's statements, (1) the speaker intended to state [their] age as a matter of fact, to be accepted as true and (2) a reasonable person in the listener's shoes would perceive the speaker to be stating [their] age as a fact, to be accepted as true").

[3] Before the grand jury indicted Shroff, the State charged him by filing an information for the same alleged conduct; a grand jury indicted him about three months later based on the same conduct that is described in the information.

electronic mail or by a commercial online service J. Nichols[4], a minor, to meet the defendant, with the intent that J. Nichols would engage in sexual contact or sexual intercourse or deviate sexual intercourse with the defendant[.]

Before Shroff pleaded guilty to the indictment, Shroff moved to quash it. Shroff's motion challenged the constitutionality of the pre-2015 version of section 33.021(c) of the Penal Code.[5] After the trial court denied the motion, Shroff pleaded guilty without the benefit of a plea bargain. Thus, Shroff could have elected to appeal from the trial court's ruling on his motion to quash, but he did not do so. In June 2016, Shroff pleaded guilty, the trial court deferred rendering a finding of guilt, and placed Shroff on community supervision for ten years.

After the trial court ordered Shroff placed on deferred adjudication, community supervision, Shroff did not appeal. Instead, around eight months after he pleaded guilty, Shroff filed an application for habeas relief under article 11.072 of

---

[4] "J. Nichols" refers to Jeff Nichols, an undercover detective who adopted an online persona and corresponded with Shroff in a series of emails. Nichols' affidavit, attached to the State's response to Shroff's application for habeas relief, reveals that Nichols is the police officer who investigated Shroff's case.

[5] Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050; amended by Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1168 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(c) (West 2016)).

the Texas Code of Criminal Procedure.[6] After the trial court denied his application, Shroff appealed.[7]

In resolving his appeal, this Court held that because no court had declared section 33.021(c) of the Penal Code to be constitutionally invalid, the habeas court did not err by denying Shroff's request for habeas relief.[8] Nonetheless, we also held that further proceedings were required to allow Shroff to further develop his claim alleging that his plea was involuntary since we could not decide that issue on a record that consisted solely of the allegations that were in Shroff's application seeking habeas relief.[9] Thus, we vacated the habeas court's ruling denying Shroff's application and remanded the case to the habeas court to allow Shroff the opportunity to develop that claim.[10]

---

[6] *See* Tex. Code Crim. Proc. Ann. art. 11.072.

[7] *Ex parte Shroff*, No. 09-17-00082-CR, 2017 WL 4171366, at *1 (Tex. App.—Beaumont Sept. 20, 2017, pet. ref'd) (mem. op., not designated for publication).

[8] *Id*.

[9] *Id*. at *2.

[10] *Id*.

Several months before we decided Shroff's appeal in his habeas case, the Court of Criminal Appeals addressed a defendant's challenge to the constitutionality of the pre-2015 version of the online solicitation statute.[11] In *Ingram*, the defendant argued that the pre-2015 version of section 33.021 created an overbreadth problem by allowing the criminal provisions of the online solicitation statute to apply to protected speech between adults.[12] The version of the statute that applied to Ingram (and Shroff) defines "minor" as:

> (A) an individual who represents himself or herself to be younger than 17 years of age; or
>
> (B) an individual whom the actor believes to be younger than 17 years of age.[13]

In construing the meaning of the above paragraph (A) of this section narrowly, the Court of Criminal Appeals decided that the Legislature intended that "represents" means "in view of the totality of the speaker's statements, (1) the speaker intended to state his or her age as a matter of fact, to be accepted as true and (2) a reasonable person in the listener's shoes would perceive the speaker to be stating his or her age

---

[11] *See Ex parte Ingram*, 533 S.W.3d at 895-96.

[12] *Id.*

[13] *Id.* (citing the pre-2015 version of § 33.021(a)(1)).

5

as a fact, to be accepted as true."[14] The Court explained that "solicitation still qualifies as an 'integral part of conduct in violation of a valid criminal statute' if the actor is mentally culpable with respect to the solicited person's age, even if the solicited person turns out to be an adult."[15]

On remand to the habeas court, Shroff amended his application, alleging that the narrow interpretation *Ingram* gave to the online solicitation statute to avoid the overbreadth challenge to it entitled him to a new trial. Citing *Shuttlesworth v. City of Birmingham*, 382 U.S. 87 (1965), Shroff alleged that "[a] criminal conviction cannot be sustained when the defendant was tried under a construction of the law that was subsequently narrowed on appeal." While Shroff also reasserted his claim in the habeas court on remand that his attorney had not fully informed him about a possible defense to his indictment, Shroff provided the trial court with nothing upon remand proving that claim. On remand, the habeas court denied Shroff's amended application for habeas relief.

Shroff then asked that the habeas court reduce its findings and conclusions to writing. The habeas court complied, but the findings that it made are not relevant to

---

[14] *Id.* at 897.

[15] *Id.* at 898-99 (quoting *United States v. Stevens*, 559 U.S. 460, 471 (2010); *Giboney v. Empire Storage*, 336 U.S. 490, 498 (1949)).

our disposition of Shroff's current appeal. Shroff then appealed from the habeas court's ruling denying his amended application for habeas relief.

## Standard of Review

An applicant seeking post-conviction habeas corpus relief must establish, by a preponderance of the evidence, that the facts entitle him to relief.[16] In reviewing a habeas court's ruling on a habeas application, the reviewing court gives the habeas court almost total deference on its factual findings when they are supported by the record.[17] In contrast, a de novo standard of review is applied in reviewing mixed questions of law and fact that do not turn on credibility determinations and in reviewing the habeas court's resolution of any legal questions that did not depend on a finding of fact.[18]

## Analysis

In the brief that Shroff filed to support his appeal, Shroff advances no claims alleging that his plea was involuntary, that he received ineffective assistance of counsel, or that he is innocent of the offense based on the application of a statutory

---

[16] *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

[17] *See Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

[18] *See Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

defense. Instead, in one issue, Shroff argues that because it is not clear that his conviction rests on "an overbroad interpretation or a subsequent constitutional interpretation of a statute," he is entitled to a new trial. Shroff concludes that because "it is not clear that [he] was not convicted under the later-narrowed 'represented' portion of [the online solicitation statute, he] *is* entitled to a new trial."

Shroff relies on *Shuttlesworth* and on *Osborne v. Ohio*, 495 U.S. 103 (1990) to support his claim that the habeas court should have granted his application, set aside his conviction, and ordered a new trial. But the procedural history pertinent to those appeals is much different from the situation that faces us here. Unlike Shroff, neither Osborne nor Shuttlesworth pleaded guilty to the crimes the State charged them with committing.[19] Because the appeals in *Osborne* and *Shuttlesworth* were based on fully developed records, the Supreme Court, when reviewing the convictions, could determine whether the evidence supported the factfinder's

---

[19] *See Ohio v. Young*, 525 N.E.2d 1363, 1373 (Ohio 1988) (considering Osborne's appeal in a proceeding the Ohio Supreme Court consolidated with another appeal filed by Denis Young, which shows that Osborne was convicted following a jury trial), *reversed and remanded*, *Osborne*, 495 U.S. 125-26; *Shuttlesworth*, 382 U.S. at 88 (disclosing that Shuttlesworth was tried in a bench trial).

8

respective findings based on an interpretation of the relevant penal statutes as "construed rather than as written."[20]

Because Shroff pleaded guilty, he never tested the evidence the State might have used in a trial to gain his conviction. Instead, Shroff's conviction rests on a judicial confession admitting that he committed the crime of soliciting a minor online. Given that Shroff pleaded guilty before his trial, he cannot currently show that the conviction rests on an interpretation of the online solicitation statute that fell outside the interpretation adopted in *Ingram*.[21] In *Ex parte McClellan*,[22] the Court of Criminal Appeals considered a situation like Shroff's in deciding the outcome of McClellan's post-conviction application seeking a writ of habeas corpus.[23] Ordinarily, the defendant in a post-conviction habeas proceeding cannot raise an issue in his habeas proceedings that he could have raised at trial and appealed.[24]

---

[20] *Osborne*, 495 U.S. at 118 (citing *Shuttlesworth*, 382 U.S. at 91-92).

[21] *See Ex parte Ingram*, 533 S.W.3d at 895.

[22] *Ex parte McClellan*, 542 S.W.3d 558, 560 (Tex. Crim. App. 2017).

[23] McClellan's writ was filed under the provisions in article 11.07 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015).

[24] *Ex parte McClellan*, 542 S.W.3d at 560.

When Shroff's case was before the trial court, he could have refused to plead guilty and tested the State's evidence in a trial. Had he done so, both the habeas court and any court reviewing the habeas court's ruling could have determined whether the State relied on evidence that would not have supported a conviction under *Ingram*.[25] Because Shroff pleaded guilty before the State presented any evidence, he is not entitled to develop new evidence in a post-conviction habeas proceeding to show what evidence the State might have presented had he pleaded not guilty and gone to trial.[26]

Like Shroff, McClellan pleaded guilty before he went to trial. In *McClellan*, the Court of Criminal Appeals noted "that supplementing the record under these circumstances would amount to a futile exercise in speculation because there is no way to know how a trial-type proceeding would have unfolded."[27] Likewise, it is impossible now to know in Shroff's case whether the State, had Shroff been tried, would have asked the factfinder to consider evidence of conduct inconsistent with the narrowed definition of the term "represents" adopted in *Ingram*.[28]

---

[25] *See Ex parte Ingram*, 533 S.W.3d at 895.

[26] *See Ex parte McClellan*, 542 S.W.3d at 560.

[27] *Id.*

[28] *See Ex parte Ingram*, 533 S.W.3d at 896-97.

We conclude that Shroff failed to establish that he is entitled to relief. We overrule his sole issue and affirm the trial court's order denying his application for habeas relief.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 18, 2018
Opinion Delivered August 29, 2018
Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

11