**Opinion issued October 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-17-00923-CR

———————————————

## EX PARTE AUSTIN LYMAN BISHOP, Appellant

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Case No. 17486A**

## MEMORANDUM OPINION

Appellant, Austin Lyman Bishop, challenges the trial court's order denying his application for a writ of habeas corpus and finding that "he is manifestly entitled to no relief." In five grounds, appellant contends that the trial court erred because (1) he was prosecuted under a version of Penal Code section 33.021(c) that the Texas Court of Criminal Appeals subsequently narrowed, thus entitling him to a new trial;

(2) section 33.021(c) is unconstitutional; (3) he is actually innocent of the underlying felony offense of online solicitation of a minor; (4) he entered his guilty plea involuntarily; and (5) his trial counsel rendered ineffective assistance. We affirm.

## Background

On August 17, 2015, Sergeant Patricia Griffin with the Child Exploitation Unit of the Office of the Texas Attorney General, representing herself as fifteen-year old female "Beth Nightly," responded to an advertisement on the Internet website www.craigslist.com posted by appellant. The advertisement was titled "Need a young girl for fun (Austin)," provided details of appellant's preference in a female, and included photographs of appellant and his Internet contact information. Griffith responded to the advertisement through electronic mail by stating "sup . . . im 15 in Brenham . . . nice pics." Appellant responded to Griffith's message the same day.

The conversation between Griffith and appellant continued on August 18, 2015, through electronic mail and then changed to text messaging between phone numbers. Appellant quickly turned the conversation sexual in nature, and, at appellant's suggestion, Griffith and appellant agreed to meet to have sexual intercourse at a park in Brenham, Texas. Griffith provided directions to the agreed-upon meeting location to appellant. After appellant notified Griffith of his arrival, appellant was arrested in the parking lot of the park on August 18, 2015.

On December 8, 2015, appellant was charged with the felony offense of online solicitation of a minor. *See* TEX. PENAL CODE ANN. § 33.021(c) (West Supp. 2016). The indictment charged that appellant, "with the intent that 'Beth Nightly,' a minor, would engage in sexual intercourse with [appellant], knowingly solicit[ed] by electronic mail the said 'Beth Nightly,' to meet appellant[.]" On March 31, 2016, appellant pleaded guilty to the offense alleged in the indictment. The trial court deferred an adjudication of guilt and placed appellant on community supervision for a term of ten years.

On January 20, 2017 and again on July 6, 2017, a notice to show cause was issued to appellant to determine whether his probation should be continued, modified, or revoked. On September 1, 2017, the State filed its motion to revoke probation and adjudicate.

On October 2, 2017, appellant filed a verified application for writ of habeas corpus, contending that the deferred adjudication community supervision order was illegal because (1) he was prosecuted under a version of Penal Code section 33.021(c) later narrowed by the Court of Criminal Appeals; (2) section 33.021(c) is unconstitutional; (3) he is, as a matter of law, actually innocent; (4) his guilty plea was involuntary; and (5) he received ineffective assistance of counsel. On October 25, 2017, the trial court ordered trial counsel to file a response to each allegation of

ineffective assistance alleged in appellant's application. Trial counsel thereafter filed his affidavit.

On January 17, 2018, the trial court entered an order denying appellant's application for habeas relief, finding that appellant was "manifestly entitled to no relief" and that his application was frivolous.

**Standard of Review**

An applicant seeking post-conviction habeas corpus relief must establish, by a preponderance of the evidence, that the facts entitle him to relief. *See Ex parte Peterson*, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 355 (Tex. Crim. App. 2007); *State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We review a trial court's ruling on a habeas corpus application for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

In reviewing a trial court's decision to deny habeas relief, we review the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d at 819. The habeas court's determination that an application is frivolous on its face and that the applicant is manifestly not entitled to relief, as is the case here, is

reviewed de novo. *See Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

### Penal Code Section 33.021

In his first ground, appellant contends that he is entitled to a new trial under *Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 86 S. Ct. 211 (1965). Specifically, he argues that because he was tried under a version of Penal Code section 33.021(c) that was subsequently narrowed by the Texas Court of Criminal Appeals in *Ex parte Ingram*, it is unclear whether the trial court judged him by an unconstitutional construction of the statute. *See* 533 S.W.3d 887 (Tex. Crim. App. 2017).

In *Shuttlesworth*, the defendant was convicted of violating a city ordinance, and the conviction was affirmed on appeal. *See Shuttlesworth*, 382 U.S. at 88, 86 S. Ct. at 217. Two years later, the Alabama Court of Appeals gave a limiting construction to the ordinance in another case before the court. *See id.* at 91, 86 S. Ct. at 217. The United States Supreme Court in *Shuttlesworth* concluded that because it was "unable to say that the Alabama courts in this case did not judge the petitioner by an unconstitutional construction of the ordinance," it reversed the defendant's conviction. *Id.* at 94, 86 U.S. at 214.

In *Ex parte Ingram*, the Texas Court of Criminal Appeals considered the defendant's challenge to the constitutionality of the pre-2015 version of the online

solicitation statute. *See id*. at 895–97. The defendant argued that the pre-2015 version of the statute created an overbreadth problem by allowing the criminal provisions of the online solicitation statute to apply to protected speech between adults. *See id.* The version of the statute that applied to Ingram (and to appellant) defines "minor as:

> (A) an individual who represents himself or herself to be younger than 17 years of age; or
>
> (B) an individual whom the actor believes to be younger than 17 years of age."

*Id.* (citing pre-2015 version of § 33.021(a)(1)). In construing the meaning of the above paragraph (A) of this section narrowly, the *Ingram* court decided that the Legislature intended that "represents" means "in view of the totality of the speaker's statements, (1) the speaker intended to state his or her age as a matter of fact, to be accepted as true and (2) a reasonable person in the listener's shoes would perceive the speaker to be stating his or her age as a fact, to be accepted as true." *Id.* at 897.

First, we observe that the *Ingram* court construed the statute; it did not change any of its terms. Nevertheless, relying on *Shuttlesworth*, appellant contends that because it is unclear whether his conviction rests on an overbroad interpretation or the allegedly narrowed interpretation of the statute in *Ingram*, he is entitled to a new trial. We are unaware of any Texas court—and appellant has not directed us to any—that has recognized a claim that a high court's interpretation that statutory

6

language is overbroad therefore makes a criminal defendant's prosecution under the statute unconstitutional. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (noting that if complaint is one that is not cognizable, appellate courts should refuse to consider merits of claim). Moreover, the procedural history in *Shuttleworth* is much different than that present in this case. Unlike appellant, the defendant in *Shuttlesworth* did not plead guilty to the crime with which the State charged him. *See Shuttlesworth*, 382 U.S. at 88, 86 S. Ct. 212 (stating defendant was tried in bench trial). Because the appeal in *Shuttlesworth* was based on a fully developed record, the Supreme Court, in reviewing the conviction, could determine whether the evidence supported the factfinder's findings based on an interpretation of the ordinance as judicially construed. *See Ex parte Shroff*, __ S.W.3d __, __, 2018 WL 4100239, at *3–4 (Tex. App.—Beaumont Aug. 29, 2018, pet. ref'd) (concluding defendant who pleaded guilty to online solicitation of minor could not show that he was convicted under interpretation of statute that fell outside of *Ingram* and failed to establish that he was entitled to habeas relief). Here, in contrast, appellant's conviction rests on a judicial confession admitting that he committed the crime of soliciting a minor online. *See id.* Because appellant pleaded guilty before his trial, and therefore never tested the evidence the State might have used in a trial to gain his conviction, he cannot currently show that the conviction rested on an interpretation of the online solicitation statute that fell outside the interpretation

7

adopted in *Ingram. See id.*; *see also Ex parte McClellan*, 542 S.W.3d 558, 560 (Tex. Crim. App. 2017). We overrule appellant's first ground.

In his second ground, appellant contends that section 33.021 is unconstitutional. In *Leax v. State*, the Texas Court of Criminal Appeals held that the statute is constitutional. 541 S.W.3d 126, 128 (Tex. Crim. App. 2017).[1] Accordingly, we overrule appellant's second ground.

## Ineffective Assistance of Counsel

In his fifth ground, appellant contends that the trial court erred in denying his application because trial counsel was ineffective for not informing him of defenses available to him and that, had counsel so informed him, he would not have pleaded guilty.

The *Strickland* two-pronged test for ineffective assistance of counsel applies in the plea context. *See Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 370 (1985); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Ex parte Roldan*, 418 S.W.3d 143, 145 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.)). To establish ineffective assistance of counsel, the applicant

---

[1] The Court of Criminal Appeals delivered its opinion in *Leax v. State* on October 18, 2017, sixteen days after appellant filed his application for writ of habeas corpus. The Court issued its mandate on November 13, 2017. Appellant acknowledges in his brief that, under these circumstances, he is not entitled to relief on this ground.

must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Failure to show either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. The record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Where the record does not do so, counsel is presumed effective. *See id.*

Appellant provided no affidavits or any other evidence to support his argument as to this ground. Appellant's uncorroborated assertion that trial counsel failed to inform him of available defenses is insufficient to demonstrate deficient performance. *See Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet). Further, the trial court also had before it trial counsel's affidavit which directly contradicted appellant's argument. *See Ex parte Skelton*, 434 S.W.3d 709, 717 (Tex. App.—San Antonio 2014, pet. ref'd) ("The habeas court is the sole finder of fact in an article 11.072 habeas proceeding, and we afford almost total deference to its determinations of historical fact that are supported by the record."); *see also Ex parte Thompson*, 153 S.W.3d 416, 425 (Tex. Crim. App. 2005) (en banc)

9

("[A] reviewing court will defer to the factual findings of the trial judge even when the evidence is submitted by affidavit[.]"). Appellant has not shown that trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 686, 104 S. Ct. 2064. We overrule appellant's fifth ground.

## Voluntariness of Plea

In his fourth ground, appellant contends that his guilty plea was involuntary. He argues that because his trial counsel "did not inform him that he had a defense based either on Ms. Nightly not being a minor, on [appellant] not communicating with Ms. Nightly, or on both, [appellant's] guilty plea was involuntary."

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to a criminal defendant. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). There is a presumption of regularity with respect to guilty pleas under the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 1.15 (West 2005); *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986) (en banc). Before accepting a guilty plea, the Court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given. *See* TEX. CODE CRIM. PROC. art. 26.13 (West Supp. 2017). The purpose of article 26.13 admonishments is to assist the court in

10

determining that a valid plea is entered and accepted by the trial court. *See id.*; *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008).

Here, appellant pleaded guilty to the charged offense. The record reflects that the trial court admonished appellant in accordance with the mandates of article 26.13. The admonishment is a prima facie showing that the guilty plea was knowing and voluntary. *See Richard v. State*, 788 S.W.2d 917, 920 (Tex. App.—Houston [1st Dist.] 1990, no writ). The burden shifted to appellant to show, considering the totality of the circumstances, that the plea was unknowing and involuntary. *Ex parte Arjona*, 402 S.W.3d 312, 318 (Tex. App.—Beaumont 2013, pet. ref'd).

Appellant argues that his plea was involuntary because trial counsel did not inform him of a defense (i.e., counsel provided ineffective assistance). When a defendant claims that his plea was not voluntary because his counsel was ineffective, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). Appellant presented no evidence to support his claim that his plea was involuntary. We therefore overrule his fourth ground.

## Actual Innocence

In his third ground, appellant contends that the trial court erred in denying his application because he is actually innocent. Specifically, he argues that (1) "Beth Nightly" was not a "minor" as alleged in the indictment because (a) she was not a living human being and, therefore, not an individual, (2) she was not younger than seventeen years of age and did not represent herself to be younger than seventeen years of age; and (2) he never communicated with Ms. Nightly.

A defendant who pleaded guilty to an offense may assert, as an applicant for habeas corpus relief, a claim of actual innocence based on newly discovered evidence. *See Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006). Evidence is considered "newly discovered" if it was not known to the applicant at the time of the trial, plea, or post-trial motions and could not have been known to him even with the exercise of due diligence. *Id.* at 545. To succeed in an actual innocence claim the applicant must show "by clear and convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable juror could have found the applicant guilty in light of the new evidence." *Id.* (quoting *Ex parte Tuley*, 109 S.W.3d 388, 392 (Tex. Crim. App. 2002)). This showing must overcome the presumption that the conviction is valid and it must unquestionably establish applicant's innocence. *See Ex parte Brown*, 205 S.W.3d at 545.

A review of the record reveals that appellant has not presented any newly discovered evidence in support of his defensive theories. Thus, on the face of his application, his claim of actual innocence fails. *See Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 88 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (noting analysis of whether claim has any facially arguable basis requires court to apply law to facts as depicted in application and accompanying documents). Accordingly, we overrule his third ground.

## Conclusion

We affirm the order of the trial court.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).